UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEVIN JEFFERSON,

        Petitioner,

  v.                                      Case No. 22-cv-1282-pp

UNITED STATES OF AMERICA,

        Respondent.

## ORDER DENYING AS MOOT MOTION FOR §2255 (DKT NO. 1) AND DISMISSING CASE AS ERRONEOUSLY FILED

On October 28, 2022, the clerk's office received from the petitioner a pleading titled "Motion for § 2255." Dkt. No. 1. The caption of the pleading lists the court as "In the United States District Court for the Seventh Circuit." Id. In the pleading, the petitioner asks, "Can I please have an application for § 2255?" Id. The petitioner explains that he believes he should be allowed to apply for relief under §2255 because he believes that his sentence for Hobbs Act robbery was erroneously enhanced under U.S.S.G. §2B3.1(b)(2)(B), given the Seventh Circuit's decision that "a 'Hobbs Act Robbery' is no longer a crime of violence." Id. He concludes by stating, "Therefore, Petitioner shall be granted permission to file a § 2255 motion for the District Court's determination." Id.

Although the petitioner requested only a form on which to file a petition under 28 U.S.C. §2255 (and appears to believe that he was requesting the form from the Seventh Circuit Court of Appeals), and did not ask for the relief

1

provided in §2255, the clerk's office docketed the motion as a §2255 petition and opened a case. It is an understandable error, but one that could have had serious consequences. If the court had treated the petitioner's request for a §2255 petition *form* as an actual §2255 *petition* and denied it, the petitioner would have had to seek permission from the Seventh Circuit Court of Appeals before filing an *actual* §2255 petition. See 28 U.S.C. §2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."); 28 U.S.C. §2244(a).

The petitioner appears to be aware of this. He attached to his request for a §2255 form a one-page order from the Seventh Circuit Court of Appeals dated October 13, 2022—two weeks before the petitioner filed the request that resulted in this case being opened. Dkt. No. 1-1. In that order, the Seventh Circuit explained that the petitioner had asked the Seventh Circuit for leave to file a successive collateral attack on his federal conviction, but it stated that "as far as [the petitioner] has shown, and as best we can tell after reviewing available electronic records, he has not filed a prior collateral attack. Thus, he does not need our authorization to proceed." Id.

The Seventh Circuit—unsurprisingly—is correct. On April 25, 2019, this court sentenced the petitioner to serve 130 months in custody after he pled guilty to three Hobbs Act robberies. United States v. Jefferson, Case No. 17-cr-222, Dkt. Nos. 71, 73. There is no indication on the docket that the petitioner appealed his conviction or his sentence, and on May 9, 2019, the court received from the petitioner's attorney a letter stating that he had met with the

2

petitioner and explained his appellate rights, and the petitioner had informed counsel that he did not wish to appeal. Id. at Dkt. No. 72. Since that time, the petitioner has asked for various documents from the clerk's office, but prior to the date on which the clerk's office received the instant motion, he never filed a §2255 motion or sought collateral relief.

Since the October 28, 2022 receipt of this motion by the clerk's office, the petitioner has managed to get a form and file an actual §2255 petition; the clerk's office received it on November 28, 2022 and opened Case No. 22-cv-1407. Id. at Dkt. No. 142. The court will deny the petitioner's request for a §2255 form as moot and will dismiss this case as erroneously filed. That will allow the court to "screen" the actual §2255 petition the plaintiff filed on November 28, 2022.

The court **DENIES AS MOOT** the petitioner's Motion for § 2255. Dkt. No. 1.

The court **ORDERS** that this case is **DISMISSED** as erroneously filed.

Dated in Milwaukee, Wisconsin this 29th day of December, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
